



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LILLIAN ROBLES,

    Plaintiff,

-against-

INTEGRITY FINANCIAL PARTNERS, INC.

    Defendant.

**COMPLAINT and DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Lillian Robles ("Plaintiff"), by and through her attorneys, Krohn & Moss, Ltd., for her Complaint against Defendant, Integrity Financial Partners, Inc. ("Defendant"), alleges as follows:

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA").

### Parties

2. Plaintiff is a natural person residing in Bronx, Bronx County, New York.

3. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by *15 U.S.C. § 1692a(3)*.

4. Defendant is a corporation headquartered in Overland Park, Kansas.

5. Defendant is a debt collector as defined by *15 U.S.C. § 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to *15 U.S.C. § 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because Defendant conducts business in the State of New York, personal jurisdiction is established.

9. Venue is proper pursuant to *28 U.S.C. § 1391(b)(2)*.

10. Declaratory relief is available pursuant to the Declaratory Judgment Act, *28 U.S.C. §§ 2201 - 2202*.

## Factual Allegations

11. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant contacted Plaintiff at 212-779-2440 and 917-806-9477.

13. Defendant called Plaintiff's place of employment and spoke to Maria Vasquez, a co-worker, representing that the call was from an agency that assisted people with identity theft and the call was an emergency because Plaintiff may be a victim of fraud. *See* Exhibits A and B hereto.

14. Defendant called Plaintiff at her place of employment, spoke to Carmen Brasuell, a co-worker, and refused to provide Ms. Brasuell with any information other than the identity of the company from which he was calling. *See* Exhibit C hereto.

15. Defendant called Plaintiff at her place of employment, spoke to Carmen Brasuell, a co-worker, and when Ms. Brasuell informed Defendant that Plaintiff was unavailable he called her a liar and accused her of the crime of aiding and abetting. *See* Exhibits A and C.

16. Defendant called Plaintiff at her place of employment, spoke to Tisha Herndon, a co-worker, and when Ms. Herndon informed Defendant that Plaintiff was unavailable he called her a liar and a "retard." *See* Exhibits A and D hereto.

## CLAIM FOR RELIEF

17. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated §1692b(1) of the FDCPA by communicating with Plaintiff's co-workers an failing to identify himself, state that he is confirming or correcting location information concerning Plaintiff;

   b. Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural consequence is the abuse and harassment of the Plaintiff;

   c. Defendant violated §1692d(2) of the FDCPA by using language the natural consequence of which is to abuse the hearer because Defendant accused Plaintiff's co-worker, Carmen Brasuell, of being a liar;

   d. Defendant violated §1692d(2) of the FDCPA by using language the natural consequence of which is to abuse the hearer because Defendant called Plaintiff's co-worker, Tisha Herndon, a liar and a "retard";

   e. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff and Plaintiff's co-workers;

   f. Defendant violated §1692e(7) of the FDCPA by falsely implying that Plaintiff committed a crime because Defendant told Plaintiff's co-worker, Carmen Brasuell, that she was aiding and abetting Plaintiff;

g. Defendant violated §1692e(10) of the FDCPA by engaging in deceptive practices because Defendant told Plaintiff's co-worker, Maria Vasquez, that the call was from an agency that assisted people with identity theft and the call was an emergency because Plaintiff may be a victim of fraud;

h. Defendant violated §1692e(10) of the FDCPA by engaging in the deceptive practices because Defendant spoke to Plaintiff' co-woker, Carmen Brasuell, and refused to provide her with any information other than the identity of the company from which he was calling; and

i. Defendant violated §1692e(10) of the FDCPA by engaging in the deceptive practices because Defendant spoke to Plaintiff' co-woker, Carmen Brasuell, and accused her of aiding and abetting a crime.

18. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress. *See* Exhibit E hereto.

19. Plaintiff is entitled to her attorney's fees and costs incurred in this action.

20. This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, *28 U.S.C. §§ 2201 - 2202.*

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

(2) Actual damages,

(3) Statutory damages pursuant to the Fair Debt Collection Practices Act to *15 U.S.C. §1692k,*

4

(4) Reasonable attorneys' fees, costs pursuant to the Fair Debt Collection Practices Act *15 U.S.C. § 1692k,* and

(5) Awarding such other and further relief as may be just, proper and equitable.

Dated:   May 19, 2009

KROHN & MOSS, LTD.

By: _____
Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428
Telefax: 866-802-0021
ahill@consumerlawcenter.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LILLIAN ROBLES, hereby demands a jury trial in this matter.

# EXHIBIT A

Lillian Robles
2015 Marmion Avenue
Bronx, NY 10460

February 2, 2009

To Whom It May Concern:

I am writing to complain about several harassing calls received by Integrity Financial Partners, Inc. that were received by my staff members at my place of employment of Escalera Head Start of St. Matthew's and St. Timothy's Neighborhood Center, between January 21 and January 29, 2009. The address of the program is 169 West 87th Street, New York, NY 10024. The telephone number called was (212) 799-2440. Integrity Financial Partners, Inc. represents Discover Card.

A representative by the name of Scott called my place of employment on three occasions. On January 21, 2009 he asked Maria Vasquez, Family Worker, to speak to me because he represented an agency that assisted people with identity theft and that he believed that I was a victim. He also asked her for my personal information and the name and contact information of my supervisor, which she provided.

On January 22, he spoke to Carmen Brasuell, Educational Director, and asked to speak to me and for my personal information. When she was unable to produce me or the information he asked for he proceeded to insult her stating that she was lying and aiding and abetting me.

On January 29, he called and spoke to Tisha Herndon, Family Worker who also could not reach me and he called her a retard.

I feel insulted, embarrassed and victimized by this harassment. I believe he has also called my employer because my supervisor, Stephan Russo, Executive Director of Goddard Riverside Community Center, Inc, the umbrella organization for St. Matthew's and St. Timothy's Neighborhood Center, recently requested that I turn in the agency credit card that was in my name and asked me not to use it because he was ordering one in his name.

I was also recently asked to take a $20,000 pay cut in December 2008 from this employer because he could no longer afford to pay me at the rate I was receiving. I could not accept these terms so my last day of employment there was January 30, 2009.

I believe these calls may have had some sort of influence on my supervisor's recent decisions to make the changes he made.

I would appreciate if UCAN contact Integrity Financial Partners Inc. and ask them to stop these calls as I am still employed at a second job – East Harlem Neighborhood Based Alliance Corporation, Inc. I had never informed my first employer that I had this second job, and also feel this information was given to my employer by Integrity Financial Partners Inc.

Thank you,

Lillian Robles

EXHIBIT B

January 29, 2009

To Whom It May Concern:

I, Maria Vasquez, I am writing this statement that reflects a conversation I had with a representative from Integrity Financial Partners on January 21, 2007.

The caller contacted my place of work at Escalera Head Start of St. Matthew's & St. Timothy's Neighborhood Center located at 169 West 87 Street, New York, NY 10024. The telephone number he called was (212) 799-2440. The caller requested to speak to Lillian Robles. I told the caller that she was unavailable and had just stepped out into a meeting. The caller stated that it was an emergency because there was a possibility that someone was using her personal information and that she may be a victim of fraud.

I explained that I could only try to reach her on her cell phone. I placed him on hold and tried to contact her but could not. I went back to the caller and told him I could not reach her but could take a message for her. He refused to give me his name and number and said he would call back. He did tell me he was calling from Integrity Financial Partners.

This call was very disturbing because I was very alarmed that my supervisor was experiencing fraud. When I gave her the message, she was also very upset and worried.

Statement made by:

_____      Date 1/29/09
Maria Vasquez, Family Worker
Escalera Head Start of St. Matthew's & St. Timothy's Neighborhood Center

# EXHIBIT C

January 29, 2009

To Whom It May Concern:

I, Carmen Brasuell, I am writing this statement that reflects a conversation I had with a representative from Integrity Financial Partners on January 22, 2007.

The caller contacted my place of work at Escalera Head Start of St. Matthew's & St. Timothy's Neighborhood Center located at 169 West 87 Street, New York, NY 10024. The telephone number he called was (212) 799-2440. The caller requested to speak to Lillian Robles. I told the caller that she was unavailable and at a meeting. The caller stated that I was lying and that he knew that Ms. Robles was not in a meeting. He also stated that I was aiding and abetting because I was following my supervisor's instruction and telling him she was not available. He asked where Ms. Robles was. He asked who Ms. Robles' supervisor was. I told him I could not give out that information.

He refused to give me his name and number and said he would call back. He did tell me he was calling from Integrity Financial Partners.

This call was very disturbing because I he was accusatory, trying to get information and tried to coerce me to get Ms. Robles on the telephone. He was rude and hung the phone up on me.

Statement made by:

_[signature]_  Date 1/29/09

Carmen Brasuell, Educational Director
Escalera Head Start of St. Matthew's & St. Timothy's Neighborhood Center

**EXHIBIT D**

January 29, 2009

To Whom It May Concern:

I, Tisha Herndon, I am writing this statement that reflects a conversation I had with Scott of Integrity Financial Partners on January 29, 2007.

Scott contacted my place of work at Escalera Head Start of St. Matthew's & St. Timothy's Neighborhood Center located at 169 West 87 Street, New York, NY 10024. The telephone number he called was (212) 799-2440. The caller requested to speak to Lillian Robles. I told the caller that she was unavailable and was in a meeting. He then stated that I was lying, that Ms. Robles was available and called me a "retard". Then he hung up.

I was insulted and disturbed by this call because he was rude, disrespectful and disruptive.

Statement made by:

_____      Date  1/29/09
Tisha Herndon, Family Worker
Escalera Head Start of St. Matthew's & St. Timothy's Neighborhood Center

**EXHIBIT E**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — (YES) NO
2. Fear of answering the telephone — (YES) NO
3. Nervousness — (YES) NO
4. Fear of answering the door — (YES) NO
5. Embarrassment when speaking with family or friends — (YES) NO
6. Depressions (sad, anxious, or "empty" moods) — (YES) NO
7. Chest pains — (YES) NO
8. Feelings of hopelessness, pessimism — (YES) NO
9. Feelings of guilt, worthlessness, helplessness — (YES) NO
10. Appetite and/or weight loss or overeating and weight gain — (YES) NO
11. Thoughts of death, suicide or suicide attempts — (YES) NO
12. Restlessness or irritability — (YES) NO
13. Headache, nausea, chronic pain or fatigue — (YES) NO
14. Negative impact on my job — (YES) NO
15. Negative impact on my relationships — (YES) NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 5/19/09

Signed Name: *[signature]*

Printed Name: Lillian Robles